UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADRIANNA ARREAGAS,

      Plaintiff,

v.                                  Case No: 6:16-cv-495-Orl-41TBS

DARLING CABARET, LLC,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Review and Approve the Parties' Proposed Settlement and Enter Dismissal with Prejudice (Doc 45). Upon due consideration I respectfully recommend that the motion be granted.

## I. Background

Plaintiff Adrianna Arreagas ("Arreagas"), brought this action for unpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"), and for unpaid minimum wages under Article X, Section 24 of the Florida Constitution and/or Chapter 448, Florida Statutes, including the Florida Minimum Wage Act, § 448.110 (Doc. 1). Plaintiffs Jamie Duhrkoff ("Duhrkoff"), Sasha Garcia ("Garcia"), and Erika Gugliuzza ("Gugliuzza") filed Notices joining the action (Docs. 2, 3). According to the complaint, Plaintiffs worked at Defendant's establishment as performers and entertainers, with Plaintiffs asserting they should have been considered and classified as employees. Defendant answered (Doc. 7) and disputes that it ever employed Plaintiffs. Defendant also disputes that Plaintiffs worked the hours claimed.

Plaintiff Gugliuzza failed to submit interrogatories as required by the Court's

Scheduling Order and, according to the other parties, she did not participate in the case or the settlement discussions. A Joint Stipulation of Dismissal without prejudice has been filed as to Gugliuzza, pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii) (Doc. 44).

As to the remaining parties, following discovery and settlement discussions, a settlement was reached (Doc. 41). Under the terms of the settlement, Plaintiffs have agreed to accept separate amounts for (1) alleged unpaid wages and overtime, (2) alleged liquidated damages, and (3) attorneys' fees and costs, with the fees and costs to be paid directly to their attorneys. The parties represent that the fees were negotiated separately and without regard to the amount for unpaid wages, overtime and liquidated damages, consistent with Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The parties have executed a Settlement Agreement, a copy of which is attached to the motion (Doc. 45-1). The parties now seek approval of their Agreement and dismissal of this case with prejudice.

## II. Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment

after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

Here, the three participating Plaintiffs answered the Court's Interrogatories (Docs. 23, 28, 29) and litigated the matter through months of settlement discussions. In order to "avoid the costs and uncertainty of litigation" and after "fully evaluating the claims and related evidence," the parties agreed that Defendant shall pay a total sum of $10,538.00, apportioned as follows:

1. The sum of One Thousand Four Hundred Seventy One Dollars ($1,471.00), less applicable withholdings and deductions, to Arreagas in full and final settlement of any claims for unpaid wages, tips, expenses or other remuneration or entitlements; with an additional $1,471.00 for liquidated damages;

2. The sum of One Thousand Two Hundred Seventy Five Dollars ($1,275.00), less applicable withholdings and deductions, to Duhrkoff in full and final settlement of any

claims for unpaid wages, tips, expenses or other remuneration or entitlements; with an additional $1,275.00 for liquidated damages;

3. The sum of Two Hundred Seventy Three Dollars ($273.00), less applicable withholdings and deductions, to Garcia in full and final settlement of any claims for unpaid wages, tips, expenses or other remuneration or entitlements; with an additional $273.00 for liquidated damages; and

4. The sum of Four Thousand Five Hundred Dollars ($4,500.00), for Plaintiffs' attorneys' fees and costs.

Upon review, I find this to be a fair and reasonable compromise of a bona fide FLSA dispute. Although the amounts reached are significantly less than those claimed (in general and conclusory fashion) in Plaintiffs' Interrogatory answers, each Plaintiff is receiving both wage damages and liquidated damages and the parties represent that they based this settlement on a full evaluation of the claims and related *evidence* . Moreover, attorneys' fees and costs were negotiated separately and are not unreasonable in view of the amount of litigation that ensued. Finally, the Agreement does not contain overbroad releases or other provisions which would render it objectionable in this context. In view of the foregoing, and in light of the fundamental dispute regarding liability and the active involvement of experienced counsel, the Agreement is due to be approved.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The motion be **granted,** and the Agreement be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

2. The action be **dismissed** as to Plaintiffs Arreagas, Duhrkoff and Garcia, with prejudice; and as to Plaintiff Gugliuzza, without prejudice;[1] and

3. The Court close the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If the parties do not object to this Report and Recommendation they may file notices of no objection in order to expedite review by the district judge.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 21, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties

---

[1] The Notice of Dismissal is self-executing. Alternatively, Gugliuzza's claim may be dismissed for failure to prosecute.